UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADANE KASSA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-7303 |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS COMMUNITY COLLEGE | ) | |
| DISTRICT NO. 515 (a/k/a PRAIRIE STATE | ) | |
| COLLEGE), | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, ADANE KASSA, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515 (a/k/a PRAIRIE STATE COLLEGE), and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

1

## PARTIES

3. Plaintiff, ADANE KASSA ("Plaintiff"), was at all times relevant to this suit an African-American adult (over 40) of Ethiopian origin, residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515 (a/k/a PRAIRIE STATE COLLEGE) ("Defendant"), is a community college duly organized and doing business in Illinois, with its primary location at 202 S. Halsted Street, Chicago Heights, Illinois 60411. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about December 22, 2023, Plaintiff timely filed Charges of Discrimination alleging race, national origin, and age discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2024-02667 against Defendant.

6. On April 2, 2025, Plaintiff received the EEOC's Notices of Right to Sue.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff holds a Doctorate in Educational Leadership and has extensive experience in educational leadership, planning, and institutional research. He began his employment with the Defendant in December 2012 as the Director of Institutional Research and Planning.

9. Plaintiff's race is African-American.

10. Plaintiff's National Origin is Ethiopian.

11. Plaintiff is over 40 years old. His year of birth is 1966.

12. Defendant was apprised of Plaintiff's Race, National Origin, and Age.

13. Plaintiff performed his job satisfactorily within legitimate expectations Defendant.

14. Throughout his tenure, Plaintiff consistently received positive feedback, was never subject to disciplinary action, never had a negative performance review, and executed his duties with distinction.

15. Between 2012 and 2014, as Director of Institutional Research and Planning, Plaintiff led and performed duties that were later retitled under a new position, Executive Director of Institutional Effectiveness and Accreditation.

16. In 2014, while Plaintiff was on bereavement leave, Defendant unilaterally split his department and reassigned a portion of his responsibilities to Jan Bonavia, a white female direct report with lower educational qualifications and no administrative experience, yet she received higher compensation.

17. Plaintiff filed a formal pay discrimination complaint to address this inequity.

18. Plaintiff subsequently endured retaliation, including verbal abuse from the subordinate and harassment by an armed campus police officer.

19. Plaintiff reported these incidents to the college leadership. No corrective action was taken, and the hostile work environment continued.

20. Plaintiff made the current President, who is his immediate supervisor, aware of the discrimination he experienced and the manner in which the office was divided.

21. On March 24, 2023, Prairie State College's President Michael Anthony emailed Plaintiff, stating that the previously split roles would be remerged due to the retirement of Jan Bonavia, the Plaintiff's former direct report. The President claimed that the reorganization was intended to reduce and reassign the number of administrators and was driven by budgetary considerations, asserting that it was unrelated to Plaintiff's performance and acknowledging Plaintiff's contributions. The President further stated that a new managerial position—a lower-level role with reduced pay with similar role the Plaintiff had—would be created within the department but would be postponed beyond FY24 due to budget constraints, suggesting an intent to pressure Plaintiff to leave before the position was publicly advertised.

22. Plaintiff expressed interest in the remerged position via email and requested a meeting with the President to discuss his qualifications, noting his previous performance of the role. The President declined to meet.

23. Defendant posted the merged position both internally and externally.

24. Plaintiff, fully qualified and having previously performed all functions of the merged role, applied.

25. Plaintiff was interviewed in an irregular process by only the President and his assistant, deviating from the standard procedure involving a formal search committee.

26. On April 20, 2023, Plaintiff was notified that he was not selected for the remerged position he had previously held and for which he was fully qualified. Instead, the position was

4

awarded to a significantly younger white employee of the college who lacked direct experience in performing the listed duties and did not meet the minimum qualifications stated in the job announcement.

27. Plaintiff protested the hiring decision and requested a meeting with the President, which was denied.

28. On June 16, 2023, Plaintiff submitted a written complaint to Defendant's Board of Trustees alleging discrimination.

29. Plaintiff sent the complaints to the Board Secretary, Camiella Williams (now the Board President) via email, explained to her that he experienced discrimination, and confirmed delivery via phone and text communication. But there was no formal reply from the Board.

30. At the June 27, 2023, Board meeting, Plaintiff personally inquired whether the Board had received his complaints. The President, Board Secretary, President's Assistant, and HR Director all falsely denied having received them—despite prior confirmation by the Board Secretary, Camiella Williams.

31. On June 29, 2023, Plaintiff reiterated his concerns in writing to the Board, stating that the President's office had suppressed his complaint. Despite this, no timely remedial action was taken. That same day, without any further discussion or proper investigation into his complaints, Plaintiff was terminated in a retaliatory manner. This pattern of conduct by the College reveals not only discriminatory and retaliatory intent, but also an alarming effort to suppress complaints and obstruct accountability.

32. Although the President stated in an email to Plaintiff that the managerial position would be postponed beyond FY24 due to budget constraints, after Plaintiff termination, in January 2024, a white subordinate of Plaintiff—who had a documented history of poor performance known

to the President—was promoted to the managerial position within the department formerly led by Plaintiff. Additional new staff was hired in the department in September 2024.

33. Defendant's cited budgetary justification for Plaintiff's termination is contradicted by its subsequent hiring of additional, higher-paid administrators, establishing retaliatory pretext. Plaintiff was the only foreign-born administrator at the college, and his position was eliminated.

34. Furthermore, Defendant has a documented and recent pattern or practice of discriminating against employees, including the recent settlement of two separate age discrimination complaints.

35. Plaintiff's immediate supervisor was Dr. Michael Anthony, the College President, which has significantly hindered the Plaintiff's ability to secure comparable employment at public community colleges in the region. As a result, Plaintiff has suffered financial loss, along with professional, reputational, and emotional harm.

36. Because of Plaintiff's race, national origin, and age, Plaintiff was subjected to disparate treatment and discrimination.

37. Because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and ultimately terminated on June 29, 2023.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

38. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

39. Plaintiff, as an African-American, is a member of a protected class.

40. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

6

41. Plaintiff apprised Defendant of his race, African-American.

42. Defendant discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been African-American and everything else having been the same.

43. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

44. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

45. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, ADANE KASSA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq</u>

46. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

47. Plaintiff, of Ethiopian descent, is a member of a protected class.

48. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

49. Plaintiff apprised Defendant of his national origin, Ethiopian.

50. Defendant discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Ethiopian and everything else having been the same.

51. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

52. Plaintiff's national origin was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

53. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, ADANE KASSA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

54. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

55. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

56. Plaintiff, as an African-American and being of Ethiopian descent, is a member of a protected class under Title VII.

57. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

58. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including refusing to promote him due to discriminatory and retaliatory reasons.

59. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported discrimination.

60. Defendant would not have retaliated against Plaintiff had he not reported the discrimination. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

61. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

62. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, ADANE KASSA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT IV — AGE DISCRIMINATION/RETALIATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, et. seq.

63. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

64. Plaintiff is over forty (40) years old. His year of birth is 1966, and therefore a member of a protected class.

65. Plaintiff performed his job in a satisfactory manner, within legitimate expectations of Defendant.

66. The ADEA prohibits discrimination and/or harassment of a person because the individual is age 40 or older.

67. By the conduct described above, Defendant and its agents intentionally discriminated and retaliated against Plaintiff in his employment because of his age, in violation of the Age Discrimination in Employment Act.

68. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, ADANE KASSA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated the ADEA;

B. Grant an injunction against the Defendant from violating the ADEA and to protect other employees over forty from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: June 30, 2025

      /s    Antonio L. Jeffrey_____
                Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com